UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA RUSSO,

            Plaintiffs,

    -against-

TUTTNAUER USA COMPANY LIMITED,
BOB BASILE (in his individual and official capacity)
and KEVIN CONNORS (in his individual and official
capacity),

            Defendants.
------------------------------------------------------------X

**ORDER**
CV 21-1720 (JMA)(AYS)

**SHIELDS, United States Magistrate Judge:**

Before the Court is the motion by Defendants, Tuttnauer USA Company Limited, Bob Basile, and Kevin Connors ("Defendants"), to strike and preclude Plaintiff's expert reports and testimony, pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1). Plaintiff opposes the motion. Familiarity with the facts of this action is presumed.

Following a status conference held before this Court on December 15, 2022, the Court issued an Order directing the parties to submit a joint status report on or before May 5, 2023, advising, inter alia, whether the parties will be conducting expert discovery and setting forth a proposed completion date for such discovery. The parties filed their joint status report on May 5, 2023, as directed, and proposed an expert discovery deadline of November 30, 2023. The parties advised the Court that although Plaintiff had not yet retained or identified any expert witness, she intended to retain two experts – a mental health expert and an economist. Defendants advised that they did not intend to retain an expert; however, should Plaintiff retain one, they may need to retain a rebuttal expert. Finally, the parties proposed that "any experts to be utilized in connection in one's case in chief . . . be identified by July 1, 2023" and that expert reports be

1

served by August 1, 2023. (Docket Entry ("DE") [30].) By Order dated May 9, 2023, the Court adopted the parties' proposed deadlines and set a deadline for the filing of a further joint status report.

A further joint status report was filed on November 15, 2023, wherein the parties reported that no experts were identified prior to the July 1, 2023 deadline. While Defendants took the position that, as a result, there remained no expert discovery to be completed, Plaintiff requested an additional forty-five days to identify and retain her two expert witnesses, offering the excuse that Plaintiff's counsel was engaged in a three-week trial that required the full resources of its office both day and night – an oft-cited reason proffered by Plaintiff's counsel in numerous cases before this Court. Defendants objected to Plaintiff's request. (DE [32].) Upon receipt of the joint status report, the Court scheduled a status conference for November 28, 2023.

Following the status conference held on November 28, 2023, the Court directed the parties to submit a joint status letter on or before December 8, 2023, setting forth, inter alia, a proposed revised discovery schedule. The parties filed that letter on December 8, 2023, as directed, and proposed: (1) that Plaintiff identify the names and areas of expertise of her experts by December 15, 2023; (2) that Plaintiff serve Defendants with expert reports by January 19, 2024; (3) that Defendants serve any expert reports by March 15, 2024; and, (4) that expert discovery be completed by April 19, 2024. (DE [34].) The Court adopted the parties' proposed expert discovery schedule by Order dated December 11, 2023.

Plaintiff filed another request for an extension of expert discovery on January 19, 2024, having again failed to meet this Court's deadline for the identification of experts, as well as the deadline for service of expert reports. In her renewed request, Plaintiff noted that while she had requested an additional three weeks for expert discovery, Defendants only consented to two

weeks. Accordingly, Plaintiff proposed the following revised schedule: (1) that Plaintiff serve her expert reports by February 2, 2024; (2) that Defendants serve any expert reports by March 29, 2024; and, (3) that expert discovery be extended to May 3, 2024. (DE [35].) Plaintiff had identified her mental health expert, Dr. Darlene Garlington ("Dr. Garlington"), to Defendants via email earlier that day. (Eden Aff., Ex. A.) The Court adopted the parties' proposed schedule by Order dated January 22, 2024.

Despite never formally identifying a second expert, Plaintiff served two expert reports on February 2, 2024 – that of Dr. Garlington and the expert report of Dr. Michael Vernarelli ("Vernarelli"), an economist. (Brewington Decl., Ex. Ex. C.) The parties scheduled depositions of both experts, with Dr. Garlington's held on March 8, 2024 and Dr. Vernarelli's scheduled for March 11, 2024. On March 9, 2024, Plaintiff's counsel notified Defendant's counsel via email that Dr. Vernarelli's deposition was cancelled because Dr. Vernarelli did not receive advance payment of his witness appearance fee. (Brewington Decl., Ex. H.) The deposition was not rescheduled.

The parties held a meet and confer on April 4, 2024 with respect to numerous issues concerning expert discovery. Defendants filed a pre-motion conference request to the District Court on May 3, 2024, seeking to preclude Plaintiff's expert witnesses for failing to comply with discovery deadlines and on the grounds of admissibility. (DE [44].) The District Court referred Defendants' pre-motion conference request to this Court on June 20, 2024. By Order dated June 21, 2024, this Court found that the admissibility arguments raised by Defendants are not yet ripe for review and set a briefing schedule with respect to the current motion – whether Plaintiff's experts should be precluded for failing to comply with both this Court's discovery deadlines and Federal Rule of Civil Procedure 26. The Court now turns to the merits of the motion.

3

I. <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 37(c)(1), where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Under Rule 26(a)(2), parties must disclose the identity of any expert witness pursuant to court scheduling orders." <u>Colon v. Linchip Logistics, LLC</u>, 330 F.R.D. 359, 366 (E.D.N.Y. 2019). When a party fails to timely disclose expert witnesses, the Court may grant "the extreme sanction of preclusion." <u>Vioni v. Providence Investment Mgmt., LLC</u>, 750 Fed. App'x 29, 32 (2d Cir. 2018) (quoting <u>Outley v. City of N.Y.</u>, 837 F.2d 587, 591 (2d Cir. 1988)). Before doing so, however, it must first consider the following four factors: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." <u>Vioni</u>, 750 Fed. App'x at 32 (alteration in original) (quoting <u>Patterson v. Balsamico</u>, 440 F.3d 104, 117 (2d Cir. 2006)).

II. <u>Dr. Garlington</u>

Defendants seek to preclude Dr. Garlington's expert report and testimony on the grounds that her report fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B) in that it is (1) unsigned; (2) fails to identify the facts or data she considered in forming her opinion; (3) fails to list all of the cases in the previous four years in which she testified as an expert; and, (4) does not include a statement of the compensation she was to be paid for her report and testimony.

4

Defendants do not assert that Plaintiff failed to timely identify Dr. Garlington as an expert witness.

"Unsworn letters and reports may be admissible only when the opinions expressed in such documents are reaffirmed by deposition testimony." Zorn v. Mount Sinai Med. Ctr., Inc., No. 09 Civ. 3228, 2012 WL 4320575, at *2 (S.D.N.Y. Sept. 20, 2012) (citation omitted). Here, Plaintiff acknowledges that Dr. Garlington's expert report originally provided to Defendants was not signed or sworn to by the doctor. However, Defendants deposed Dr. Garlington on March 8, 2024, and were afforded the opportunity to examine her with respect to her expert report. Moreover, Defendants have since been provided with a signed copy of Dr. Garlington's report.

With respect to the remaining deficiencies asserted by Defendants, while Defendants argue that Dr. Garlington was unable to recall what documents she reviewed in rendering her expert report, the parties' motion papers make clear that Defendants have since been provided with all documents relied upon by Dr. Garlington. Moreover, since the Court has not been provided with the full transcript of Dr. Garlington's deposition, it is unable to determine whether Defendants were unable to fully examine the expert with respect to her report. Indeed, the small portion of the deposition transcript provided to the Court by Defendants demonstrates that Defendants' counsel seemed more intent on mocking and bantering with Dr. Garlington, rather than actually examining her. Finally, although Dr. Garlington's expert report fails to list all of the cases in which she has testified as an expert in the past four years, Plaintiff's response to Defendants' motion makes clear that she has not acted as an expert witness within the last four years, therefore rendering that requirement of Rule 26(a)(2)(B) irrelevant.

Based on the foregoing, the Court finds Plaintiff's failure to strictly comply with the requirements of Rule 26(a)(2)(B) to be harmless and, therefore, not rising to the level warranting

5

preclusion. Defendants were afforded a full opportunity to depose Dr. Garlington and have since been provided with all documents upon which she relied. The Court notes, however, that it makes no ruling with respect to the admissibility of Dr. Garlington's report and testimony at trial. As previously noted by this Court, that issue is not yet ripe and is not presently before the Court. The only issue currently under consideration is whether Plaintiff complied with this Court's scheduling orders and Rule 26 of the Federal Rules of Civil Procedure. Bearing that in mind, Defendants' motion is denied with respect to Dr. Garlington.

III.     Dr. Vernarelli

While the Court denies the motion to preclude the testimony of Dr. Garlington, the Court reaches a different conclusion with respect to Dr. Vernarelli. Although Plaintiff initially advised the Court in May 2023 that she intended to retain two experts, she failed to identify any experts by the Court's deadline of July 1, 2023. The Court extended the deadline – at Plaintiff's request and for her benefit – and directed the parties to identify their experts by December 15, 2023. Again, Plaintiff failed to identify any experts. On January 19, 2024, more than one month after this Court's deadline to do so, Plaintiff identified Dr. Garlington and requested additional time to serve her report. The Court granted Plaintiff until February 2, 2024 to serve expert reports, with the understanding that Plaintiff was only offering one expert – Dr. Garlington. However, on the final day of that deadline, Plaintiff served not only the expert report of Dr. Garlington, but also Dr. Vernarelli's expert report, an expert who was never identified prior to that point.

As an excuse, Plaintiff's counsel claims "no harm, no foul," since they served the expert report months prior to the expert discovery deadline of May 3, 2024. Such an argument is irrelevant, however, since it fails to acknowledge that Plaintiff blatantly disregarded and failed to comply with numerous deadlines set by this Court for the identification of expert witnesses.

Adding insult to injury, Plaintiff's counsel cancelled Dr. Verneralli's scheduled deposition two days before it was to take place, citing non-payment of his witness fee in advance of his deposition. Accordingly, Defendants had no opportunity to depose Dr. Vernarelli or to retain a rebuttal expert. As such, this Court finds that Plaintiff's failure to disclose Dr. Vernarelli was neither substantially justified nor harmless.

Taking into account the four factors set forth above – Plaintiff's explanation, the importance of Dr. Vernarelli's testimony, the prejudice to Defendants, and the possibility of a continuance – the Court finds that preclusion of Dr. Vernarelli under Rule 37 is appropriate here. As previously stated, Plaintiff offers no explanation for her failure to timely identify Dr. Vernarelli. Rather, she seems to believe that identifying Dr. Vernarelli prior to the close of expert discovery was all that was required. Plaintiff is mistaken in this belief. In addition, Dr. Vernarelli's testimony is not necessary for Plaintiff's claims. As Defendants point out, Plaintiff can independently testify to any economic losses that occurred as a result of her termination. While Dr. Vernarelli's testimony might be helpful to Plaintiff, it is not essential.

With respect to the prejudice suffered by Defendants, "being denied the opportunity to depose an expert witness would leave [Defendants] in an unfairly weakened position for trial." Colon, 330 F.R.D. at 367 (citing Williams v. Bethel Springvale Nursing Home, Inc., 14-CV-9383, 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018)). Not only did Plaintiff fail to timely identify Dr. Vernarelli, she cancelled Defendants' deposition of him two days before it was scheduled to take place. Although Defendants attempted to reschedule Dr. Vernarelli's deposition, no response was received from Plaintiff. Accordingly, Defendants were prevented from deposing Dr. Vernarelli and from obtaining a rebuttal witness prior to the close of expert discovery. Finally, "[t]he closure of discovery weighs strongly against any possibility of a

continuance." Colon, 330 F.R.D. at 368 (citing cases). While this Court could theoretically reopen discovery at this time, doing so "would result in further substantial delays to the resolution of this case and impose additional costs on [Defendants]." Id. (quoting Kodak Graphic Commc'ns Can. Co. v. E.I. Du Pont de Nemours and Co., No. 08-CV-6553, 2013 WL 5739041, at *6 (W.D.N.Y. Oct. 22, 2013)). Discovery in this action has already been protracted and has resulted in Court intervention in a number of disputes. In addition, this case is more than three years old at this point and in need of resolution. Reopening discovery at this late juncture would only serve to "unduly delay" these proceedings further and "drain the court's and the parties' resources." Colon, 330 F.R.D. at 368.

Based on the foregoing, the Court finds that all four of the factors to be considered weigh in favor of preclusion. Accordingly, Defendants' motion to preclude the expert report and testimony of Dr. Vernarelli is granted.

**SO ORDERED.**

Dated: Central Islip, New York
October 2, 2024

 /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge