UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

BARBARA RUSSO,

                             Plaintiff,                    **JURY INSTRUCTIONS**

     -against-                                      21-CV-01720 (JMA) (AYS)

TUTTNAUER USA COMPANY LIMITED, BOB
BASILE, and KEVIN CONNORS,

                             Defendants.
--------------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Ladies and gentlemen of the jury:

Now that the evidence in this case has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

You are about to perform your final duty, which is to decide the fact issues in this case. You have heard all of the evidence in the case as well as the final arguments of the lawyers. My responsibility at this point is to instruct you on the law. It is your duty to accept these instructions and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. If anyone has stated a legal principle different from any that I state to you in these instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law. You must consider my instructions as a whole when you retire to deliberate in the jury room. You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or should be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

<u>Duty of the Jury</u>

As members of the jury, you are the sole and exclusive judges of the facts. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You

draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

**Evidence**

Consider Only Testimony and Exhibits

In deciding this case, you may consider only the exhibits which have been admitted in evidence and the testimony of the witnesses you have heard in this courtroom.  Arguments, questions, remarks, and summations of the attorneys are not evidence.

What the lawyers said in their opening and closing statements is not evidence.  These were merely arguments made by the parties' lawyers.

It would be improper for you to consider any personal feelings you may have about the lawyers to influence you in any way.  The lawyers are here to represent their clients, present evidence, and make arguments to the court and to the jury.

You must decide this case solely based on the evidence introduced at trial.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use.

One type of evidence is called direct evidence.  Direct evidence is a witness's testimony, or the contents of a document, about what the witness saw, heard, or observed.  In other words, when witnesses testify about what is known to them by virtue of their own senses – what they see, feel, touch, or hear – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts.  Here is a simple example of circumstantial evidence:  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Someone else then walked in with a raincoat that was

dripping wet.  The courtroom does not have windows, so you cannot look outside to see whether or not it is raining – therefore, you have no direct evidence of that fact.  But, based on the combination of other facts, it would be reasonable and logical for you to conclude that it had been raining outside.

That's all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.  Circumstantial evidence is of no lesser value than direct evidence – you alone decide what weight to give to all of the evidence.

<u>Weighing Testimony</u>

The law does not require you to credit all of the evidence I admit.  In deciding what evidence you will credit, you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony.  There is no magical formula by which you evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you.  The same tests that you use in your everyday dealings apply in your deliberations.  You can consider:

- The interest or lack of interest of any witness in the outcome of this case;

- The bias or prejudice of a witness, if there is any;

- The manner in which the witness gives testimony on the stand;

- The opportunity that the witness had to observe the facts about which he or she testified; and

- The probability or improbability of the witness's testimony when considered in the light of all of the other evidence in the case.

3

These are all items to be considered by you in deciding how much weight, if any, you will give to a witness's testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If that is not possible, you will have to decide which of the conflicting stories you will credit.

If you find that any witness has willfully testified falsely as to any material fact – that is, as to an important matter – the law permits you to disregard the entire testimony of that witness. However, you are not required to consider such a witness as totally "unbelievable." You may credit so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you credit, and what weight you will give to it.

### Inconsistent Testimony

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### Impeachment of a Witness

A witness may be discredited or impeached by contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that on some earlier occasion

4

the witness said or did something inconsistent with the witness's testimony at trial. You may consider evidence of this kind in connection with all the other facts and circumstances in deciding the weight to be given the testimony of that witness.

### Interest in Outcome

All parties to an action are called "interested witnesses."  An interested witness is not necessarily less believable than a disinterested witness.  The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth.  You must decide whether or not the testimony has been influenced, intentionally or unintentionally, by the witness's interest.

### Stipulations

The attorneys for plaintiff and the attorneys for defendants have entered into stipulations concerning certain items of evidence that are relevant to this case.  A stipulation is an agreement among the parties that a certain fact is true and you should regard such agreed facts as true.

### Expert Testimony

You have heard, during the course of this trial, the testimony of Dr. Garlington, an individual referred to as an expert in her field.  If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training, or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions.  An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider the expert witness's opinions received in this case and give them such weight as you may think they deserve.  If you decide that an opinion of the expert witness is not

based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in part or entirely.

In sum, an expert witness is in all other respects the same as any other witness. You should consider her qualifications, her experience, her interest in the outcome of the case, if any, her demeanor, and all the other factors you have been instructed to consider in assessing the credibility of other witnesses.

### **Burden of Proof**

You have heard me say that plaintiff must prove her case by a preponderance of the evidence. The question naturally is, "What does a preponderance of the evidence mean?" To establish a fact by a preponderance of the evidence means to prove that something is more likely true than not true. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely so than not so. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents produced by either party.

## **THE LEGAL CLAIMS**

I will now turn to the second part of my instructions, where I will explain the law as it applies to plaintiff's claims. You will answer specific questions that are listed on a verdict sheet, which I will provide to you.

### **A. Hostile Work Environment**

Plaintiff alleges that Tuttnauer USA Company Limited, Bob Basile, and Kevin Connors discriminated against her by subjecting her to a hostile work environment based on her gender.

Throughout these instructions, I will refer to the defendant Tuttnauer USA Company Limited simply as "Tuttnauer."

Plaintiff asserts legal claims for a hostile work environment under two different statutes. Plaintiff claims that Tuttnauer violated Title VII of the Civil Rights Act of 1964, which I will refer to simply as "Title VII." This is a federal law. Additionally, plaintiff claims that Tuttnauer, Mr. Basile, and Mr. Connors violated the New York State Human Rights Law, which I will refer to simply as "New York law." Title VII and New York law prohibit companies from creating a hostile work environment based on gender. Under New York law, individual employees may also be liable if they create a hostile work environment based on gender.

The defendants deny that they created a hostile work environment based on gender.

I will now instruct you on the law and the elements that plaintiff must satisfy to prevail on her claims of a hostile work environment.

A hostile work environment exists when two general elements are satisfied:

Element One, the workplace must be permeated with discriminatory harassment or intimidation that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile working environment; and

Element Two, there must be a specific basis to hold the defendant liable for the hostile work environment.

Next, I will discuss those two elements in more detail.

1. **Element One: Hostile Work Environment Based on Gender**

Element One of a hostile work environment claim requires that the plaintiff demonstrate the following by a preponderance of the evidence:

First, that the plaintiff was subjected to unwelcome harassment,  discriminatory intimidation,

7

or other abusive conduct.

<u>Second</u>, that the conduct was sexual in nature or directed at plaintiff because of her gender; and

<u>Third</u>, that the alleged offensive conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. This requirement has both a subjective and an objective aspect. The plaintiff must establish both that the plaintiff personally believed the workplace to be hostile or abusive and that a reasonable person in plaintiff's position would have found the workplace to be hostile or abusive.

In evaluating the alleged acts of harassment, you must view the evidence in its totality and look at all of the circumstances surrounding the offensive conduct. The plaintiff must prove, by a preponderance of the evidence, that the workplace was permeated with discriminatory intimidation or other abusive conduct that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. To determine whether a plaintiff satisfied this requirement, you should examine the totality of the circumstances, including, but not limited to:

(1) The nature and severity of the conduct;

(2) Whether the conduct complained of was humiliating;

(3) Whether the conduct complained of was repeated or a single incident;

(4) Whether the conduct complained of was by a co-worker or a supervisor;

(5) The effect of the conduct on the plaintiff's mental or emotional state;

(6) Whether others joined in the conduct;

(7) Whether the conduct was directed at more than one person;

(8) The context in which the conduct occurred; and

(9) Whether the conduct was physically threatening or humiliating or a mere offensive utterance;

8

You will have to indicate on the verdict sheet whether plaintiff has proven Element One by a preponderance of the evidence.  Generally, only conduct that occurred after August 15, 2017 can be the basis for plaintiff's hostile work environment claim.  This means that plaintiff cannot recover for conduct that occurred prior to August 15, 2017.  There, is, however, one exception to this general rule.  If you determine that conduct before and after August 15, 2017 was sufficiently similar in nature, frequency, and severity such that it was part of a continuing hostile work environment, then you may consider all of that conduct in evaluating plaintiff's hostile work environment claim.  However, if conduct spans across different people or large time intervals without harassing conduct occurring, then you could find that conduct that pre-dates August 15, 2017 is not sufficiently related to constitute a continuing hostile work environment.  Plaintiff has the burden to prove by a preponderance of the evidence that harassing conduct that occurred prior to August 15, 2017 was sufficiently related to harassing conduct that occurred after August 15, 2017.  If you find that plaintiff has proven that she was subjected to a hostile work environment based on her gender, you must then determine whether the defendants are liable for that hostile work environment.

## 2.  Element Two:  Defendants' Liability for a Hostile Work Environment

For Element Two, there must be some basis to find that the defendant you are considering is liable for the hostile work environment.  I will first discuss how this element applies to a corporate employer like Tuttnauer.  Then I will explain how this element applies to individual defendants like Mr. Connors and Mr. Basile.

Plaintiff contends that there are three bases under which a hostile work environment may be imputed to Tuttnauer.  Different standards apply to determine Element Two, depending upon which employees, if any, are responsible for creating the hostile work environment.

9

Employers such as Tuttnauer are not automatically liable for harassment of an employee by her co-workers. If you determine that the individual responsible for creating a hostile work environment was plaintiff's co-worker, then plaintiff must demonstrate by a preponderance of the evidence that:

(1) Tuttnauer knew, or in the exercise of reasonable care should have known, about the harassment of plaintiff by her co-worker; and

(2) Tuttnauer failed to take reasonably prompt and appropriate corrective action.

If plaintiff makes this showing, then Tuttnauer is liable for a hostile work environment created by her co-worker.

Alternatively, if plaintiff proves that the individual responsible for creating a hostile work environment was plaintiff's supervisor, then different standards govern whether Tuttnauer is liable for the hostile work environment.

A supervisor is someone who is empowered by the employer to take tangible employment actions that affect the plaintiff. Tangible employment actions are significant changes in employment status, such as hiring, firing, promotion decisions, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

If you determine that the individual who created the hostile work environment was the plaintiff's supervisor and that her supervisor's harassing conduct led to a tangible employment action against her, then the employer is liable for the hostile work environment. For example, if an employee refuses unwanted sexual advances by their supervisor and then a tangible employment action is taken against the employee because they refused those sexual advances, then the employer would be liable for the supervisor's harassing conduct.

If the individual who created a hostile work environment was plaintiff's supervisor, but the harassing conduct <u>did</u> <u>not</u> result in a tangible adverse employment action against her, then

10

Tuttnauer is liable for the hostile work environment unless Tuttnauer establishes an affirmative defense by a preponderance of the evidence.  The elements of this affirmative defense are:

First, Tuttnauer must prove that it exercised reasonable care to prevent gender-based harassment in the workplace and also exercised reasonable care to promptly correct any harassing behavior that did occur with respect to plaintiff; and

Second, Tuttnauer must prove that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities, if any, that Tuttnauer provided to employees.

Plaintiff also alleges that Mr. Basile and Mr. Connors are liable, as individual defendants, for a hostile work environment.  Under New York law, individual defendants can be held liable for a hostile work environment if they aid, abet, incite, compel or coerce a discriminatory act.  An individual defendant would be liable under New York law if he aided and abetted the creation of a hostile work environment based on plaintiff's gender.  For Mr. Basile or Mr. Connors to be held liable under New York law, you must find that they personally participated in the conduct giving rise to the hostile work environment.

**B. Gender Discrimination – Termination of Plaintiff's Employment**

Plaintiff alleges that Tuttnauer and Mr. Connors discriminated against her based on her gender when they terminated her from employment at Tuttnauer.

Plaintiff asserts legal claims for gender discrimination under Title VII and New York law.  Both of these statutes prohibit employment discrimination based on gender.

The defendants deny that they discriminated against plaintiff based on her gender.  I will now instruct you on the law and the elements that plaintiff must satisfy to prevail on her claims of gender discrimination.

11

For plaintiff's claims, you must first determine whether plaintiff was intentionally discriminated against based on her gender.  To establish gender discrimination, plaintiff must prove, by a preponderance of the evidence that:

First, she was subject to an adverse employment action; and

Second, her gender was a motivating factor in the defendant's decision.

If you find that plaintiff has proved these elements, you will then have to determine which of the defendants are liable for the discrimination.

## 1.  **Adverse Employment Action**

In this case, the alleged adverse employment action is the termination of plaintiff's employment at Tuttnauer.  Termination is an adverse employment action.

## 2.  **Motivating Factor**

To establish gender discrimination, the plaintiff must prove by a preponderance of the evidence that one or more employees of Tuttnauer intentionally discriminated against her.  This means that the plaintiff must prove by a preponderance of the evidence that her gender was a motivating factor in the decision to terminate her.

A "motivating factor" is a factor that played a part in an adverse employment decision.  The plaintiff is not required to prove that her gender was the sole motivation or primary motivation for an adverse decision.  The plaintiff need only prove that her gender played a motivating factor in an adverse decision, even though other factors may have also motivated the adverse decision.  Discrimination can be established by either direct or circumstantial evidence.

If an employee refuses unwanted sexual advances by their supervisor and is then terminated because they refused those sexual advances, that can constitute gender discrimination.  As I have

12

explained to you, plaintiff must prove that the termination of her employment was motivated by her gender.

Defendants claim that plaintiff's gender was not a motivating factor in the adverse action and that none of the decision-makers involved in the adverse action were motivated by the plaintiff's gender. Defendants have offered evidence that the adverse employment decision was made for entirely nondiscriminatory reasons. An employer may take an adverse action against an employee for any reason as long as the employee's gender is not the reason for the decision or one of the reasons for the decision. Even if you disagree with the defendants' reasons for their decision, and think that they made an unfair or bad decision, that alone does not establish discrimination. That said, if you find that that the reasons offered by the defendants were not the real reasons for plaintiff's termination, you may find that to be circumstantial evidence of intentional discrimination based on plaintiff's gender.

On the verdict sheet, you will have to indicate whether plaintiff has proved that her termination was motivated by her gender.

### 3.   **Defendants' Liability for Gender Discrimination**

Because Tuttnauer is plaintiff's employer, it is automatically liable under Title VII and New York law for any gender discrimination committed by its employees in terminating the plaintiff.

Plaintiff also alleges that Mr. Connors, as an individual defendant, is liable for gender discrimination. Under New York law, individual defendants can only be held liable for employment discrimination if they aid, abet, incite, compel or coerce a discriminatory act. An individual defendant would be liable under New York law if he aided and abetted Tuttnauer in terminating plaintiff based on her gender. For Mr. Connors to be held liable under New York law, you must find that he personally participated in plaintiff's termination and that his actions were motivated by her gender.

## C.  **Retaliation**

Plaintiff alleges that defendants Tuttnauer, Mr. Basile, and Mr. Connors unlawfully retaliated against her in violation of Title VII and New York law.  These laws prohibit employers from retaliating against employees who complain about employment discrimination based on gender.  Such complaints are protected activities under these laws.  In other words, employees have a right to complain to their employers about discrimination.

Plaintiff alleges that defendants unlawfully retaliated against her because of complaints of discrimination that she made to Tuttnauer.  Plaintiff alleges that defendants Tuttnauer and Mr. Connors retaliated against her by terminating her employment.  Plaintiff also alleges that defendants Tuttnauer, Mr. Connors, and Mr. Basile retaliated against her by filing a police report against her.

The defendants deny these charges.  They assert that they made these decisions for non-retaliatory reasons.

To prevail on a retaliation claim, plaintiff must prove by a preponderance of the evidence that:

(1)  Plaintiff engaged in protected activity;

(2)  Defendant was aware of the protected activity;

(3)  Plaintiff was subjected to a materially adverse action; and

(4)  Plaintiff was subjected to the materially adverse action because she engaged in protected activity.

Again, in order to prevail, plaintiff must prove each of these four elements by a preponderance of the evidence.  I will now discuss each of the elements in greater detail.

### 1.  **First Element – Protected Activity**

14

The first element of a retaliation claim requires that plaintiff prove she engaged in "protected activity." An employee's complaint to her employer about gender discrimination in the workplace constitutes protected activity. Protected activity includes both written and oral complaints about discrimination. Additionally, an employee's filing of a complaint of discrimination with the New York State Division of Human Rights also constitutes protected activity.

### 2. **Second Element – Defendant's Knowledge of Protected Activity**

As to the second element of a claim for retaliation, the plaintiff must prove by a preponderance of the evidence that the defendant knew of the protected activity. Knowledge of defendant Tuttnauer can be demonstrated if the evidence shows general corporate knowledge of the protected activity.

### 3. **Third Element – Materially Adverse Action**

With respect to the third element of a retaliation claim, plaintiff must prove by a preponderance of the evidence that she was subjected to a materially adverse action. An action is materially adverse if it may have discouraged a reasonable employee from complaining about discrimination.

Plaintiff contends that her termination and the filing of the police report against her are materially adverse actions.

### 4. **Fourth Element – Causation**

As to the fourth element of a retaliation claim, plaintiff must prove by a preponderance of the evidence that plaintiff was subjected to a materially adverse action because plaintiff engaged in protected activity. This means that plaintiff must prove by a preponderance of the evidence that

but for the protected activity, the adverse action would not have occurred. In other words, plaintiff must prove that the adverse action would not have occurred in the absence of her protected activity.

Defendants have offered evidence that the decisions at issue were made for non-retaliatory reasons. Even if you disagree with the defendants' reasons for these decisions, and think that they were unfair or bad decisions, that alone does not establish unlawful retaliation. That said, if you find that that the reasons offered by the defendants were not the real reasons for the adverse decisions, you may find that to be circumstantial evidence that plaintiff was retaliated against because she engaged in protected activity.

### 5. Defendants' Liability for Retaliation

Because Tuttnauer is plaintiff's employer, it is automatically liable under Title VII and New York law for any retaliation committed by its employees.

Plaintiff also alleges that Mr. Basile and Mr. Connors are liable as individual defendants. For Mr. Basile or Mr. Connors to be held liable under New York law, you must find that they retaliated against the plaintiff because she engaged in protected activity.

### D. Damages

If Plaintiff proves by a preponderance of the evidence that the defendants are liable, then you must determine what damages plaintiff should receive. In instructing you on damages, let me be clear that I am expressing no opinion as to how you should find on the question of whether the defendants are legally liable for any of plaintiff's claims. It is exclusively your function to decide if the plaintiff has proven her claims. I am instructing you on damages only so that you will have guidance if you decide that the defendants are liable.

There are two types of damages that you must consider awarding for the plaintiff's claims: compensatory damages and punitive damages.

1. **Compensatory Damages**

Plaintiff is entitled to just and fair compensation for any loss that resulted from a violation of her rights. A plaintiff who has proved that she was discriminated against based on her gender may recover for any emotional pain, suffering, inconvenience, and mental anguish that she actually suffered as a result of a defendant's conduct. These are known as "compensatory damages." Compensatory damages can include any economic injury sustained by a plaintiff. Economic injuries may include lost wages, earnings, and benefits.

Damages for pain and suffering must be fair compensation for any pain and suffering a plaintiff has established by a preponderance of the evidence. No exact standard exists for the calculation of an award of damages to compensate someone for pain and suffering.

It is the plaintiff who must prove her damages by a preponderance of the evidence. You may award compensatory damages for an injury only if the plaintiff shows that the injury would not have occurred without a particular defendant's unlawful acts; that the defendant's unlawful acts played a substantial part in bringing about the injury; and that the injury was a direct or reasonably probable consequence of the defendant's unlawful acts.

Any damages you award must be fair and reasonable, and must not be inadequate or excessive. You should be guided by dispassionate common sense. While it may be difficult to calculate some damages with mathematical precision, you must not let that lead you to engage in arbitrary guesswork. You must use sound discretion, drawing reasonable inferences from the facts and circumstances in evidence. Any award you make should be fair and reasonable in light of all of the evidence presented at trial, and should be guided by common sense, not bias, passion, sympathy, or speculation.

17

The plaintiff is required to make reasonable efforts to minimize damages.  In this case, the defendants claim that the plaintiff failed to minimize damages because she failed to make diligent efforts to obtain employment following her termination.

It is the defendants' burden to prove, by a preponderance of the evidence, that the plaintiff failed to make reasonable efforts to minimize her damages.  Defendants must prove that:

(1) There were or are substantially comparable positions which the plaintiff could have discovered and for which the plaintiff was qualified; and

(2) The plaintiff failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that the plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If the defendants have proven the above, then you must deduct from any award of lost wages and benefits the amount of pay and benefits plaintiff could have earned with reasonable effort.

You can only award lost wages, earnings, and benefits if you find in favor of the plaintiff on her discriminatory termination claim or her retaliatory termination claim.  If you find that the plaintiff has proven that defendants unlawfully terminated her based on her gender or protected activity, then you must determine the amount of lost wages, earnings, and benefits that the plaintiff proved was caused by the defendant's wrongful conduct.  However, you cannot award lost wages, earnings, or benefits solely in connection with the plaintiff's hostile work environment claim. If plaintiff only prevails on her hostile work environment claim, you cannot award her lost wages, earnings, and benefits.

### 2.  <u>Punitive Damages</u>

You may also, in your discretion, make an award of punitive damages against defendant Tuttnauer.  Punitive damages may be awarded, in the discretion of the jury, to punish a defendant and to deter the defendant and others from committing similar acts in the future.

18

Plaintiff has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded. You may award punitive damages only if you find that defendant Tuttnauer's conduct was motivated by evil motive or intent, or that it involved a reckless or callous disregard of plaintiff's rights under Title VII.

An award of punitive damages, however, is discretionary. This means that if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct and to set an example to deter the defendant and other employers from committing similar acts in the future. In deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent the defendant and others from committing similar acts in the future.

If you decide to award punitive damages, you should consider these same purposes in determining the appropriate sum of money to be awarded as punitive damages. That is, in determining the amount to be awarded, you should consider the degree to which defendant Tuttnauer should be punished for wrongful conduct, and the degree to which an award of one amount or another will deter defendant Tuttnauer or others from committing wrongful acts in the future. Any punitive damages that you decide to award must be reasonable and proportionate to the need to punish and deter. Punitive damages cannot be awarded for violations of New York law. You may not award punitive damages against the individual defendants.

## GENERAL REMARKS REGARDING DELIBERATIONS

### Duty to Consult and Need for Unanimity

Now that I have outlined for you the rules of law that apply to the allegations in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

You are about to go into the jury room and begin your deliberations. Your function—to reach a fair conclusion from the law and the evidence—is an important one. Your verdict must be unanimous. That is, all of you must ultimately reach the same conclusion.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you can do so without violating your own individual judgment.

Each of you must decide the case for yourself, after consideration of the evidence with your fellow jurors. You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered. Your final vote must reflect your conscientious conviction as to how the issues should be decided.

## Communications During Deliberations

No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing. All communication should be in writing and given to Lauren. It should be signed by your foreperson, whom you should select when you enter the jury room to begin deliberations. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands until after a unanimous verdict is reached. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court. Bear in mind also that you are not to reveal to any person, not even in open court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Your deliberations are secret. During your deliberations, you must not discuss this case with anyone except your fellow jurors in the jury room. Do not discuss the case outside of the jury room and make sure to only discuss the case with each other when all members of the jury are present. Again, do not discuss this case with your family, friends, or business associates. Do not communicate with anyone about the case on your phone, through email, text messaging, or any social networks.

## Exhibits, Transcript, and Notes

All materials that were admitted into evidence will be sent into the jury room with you.

If, during your deliberations, you have any doubt as to any of the testimony, you may request a transcript of certain testimony be provided to you. I suggest that you be specific in your request to avoid receiving unwanted testimony. You should tell me as best you can precisely what

21

you want to review.  Please be patient because it sometimes takes a while to find the testimony in the record, particularly if you request a lengthy piece of testimony.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time, I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom.  I remind you that any notes taken during the trial are simply an aid to memory for the particular juror who takes the notes. Your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony.

**Rendering the Verdict**

When you have reached a verdict, please send a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

I have prepared a verdict form that you will have with you in the jury room.  The verdict form contains questions, and the answers to those questions will constitute your verdict.  After the questions are completed, the foreperson should sign and date the verdict form and return the written verdict form to Lauren.

*          *          *

Your oath sums up your duty – and that is – you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court under the law.  Thank you.