UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA RUSSO,<br><br>                              **Plaintiff,**<br><br>            against<br><br>TUTTNAUER USA COMPANY LIMITED, BOB BASILE (in his individual and official capacity) and KEVIN CONNORS (in his individual and official capacity),<br><br>                              **Defendants.** | Case No.: 21-cv-1720 (JMA) (AYS) |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO ALLOCATE DAMAGES**

Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
ZABELL & COLLOTTA, PC
*Attorneys for Defendants*
One Corporate Drive, Suite 103
Bohemia, NY 11716
Tel.: (631) 589-7242
szabell@laborlawsny.com
reden@laborlawsny.com

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT**............................................................................................................................... 1

    I.    Judgment Allocation is Appropriate ................................................................................. 1

    II.   Any Award for Punitive Damages under Title VII Must be Capped at $50,000.00 .... 1

**CONCLUSION** ............................................................................................................................ 5

## Table of Authorities

**Federal Cases**

*Brown v. Daikin Am., Inc.*,
   756 F.3d 219 (2d Cir. 2014) ............................................................................................ 4

*Doe v. Long Island Motors, Inc., No. 21-cv-1232*
   (GRB) (ST), 2022 U.S. Dist. LEXIS 102851 (E.D.N.Y. June 8, 2022)(3) ........................... 1-2

*Gundlach v. IBM Inc.*,
   594 F. App'x 8 (2d Cir. 2014) ............................................................................................ 3

*Morelli v. Cedel*,
   141 F.3d 39 (2d Cir.1998) .......................................................................................... 2, 3

**Federal Statutes**

42 U.S.C. § 1981a ........................................................................................................... 2, 4

## **PRELIMINARY STATEMENT**

Defendants, TUTTNAUER USA COMPANY LIMITED ("Tuttnauer"), BOB BASILE (in his individual and official capacity) ("Basile"), and KEVIN CONNORS (in his individual and official capacity) ("Connors") (collectively "Defendants"), respectfully submit this Memorandum of Law ("Memorandum") in Response to Plaintiff's Motion to Allocate Damages.

## **ARGUMENT**

### I. Judgment Allocation is Appropriate

Defendants acknowledge that under controlling legal precedent, a Plaintiff who succeeds under multiple statutes is entitled to recovery under the theory of liability that provides the most complete recovery. However, as addressed below, allocation with respect to an award of punitive damages under Title VII must be limited to the $50,000.00 statutory cap imposed in connection with employers with fewer than 101 employees.

### II. Any Award for Punitive Damages under Title VII Must be Capped at $50,000.00

"Under Title VII, punitive damages are available where 'the employer has engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Doe v. Long Island Motors, Inc.*, No. 21-cv-1232 (GRB) (ST), 2022 U.S. Dist. LEXIS 102851, at *22-23 (E.D.N.Y. June 8, 2022) (*citing Zimmerman v. Assocs. First Capital Corp.*, 251 F.3d 376, 384 (2d Cir. 2001). However, there is a statutory limit on the amount of combined compensatory damages and punitive damages that may be awarded under Title VII. The statute provides that, "The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining

1

party..." amounts delineated by the number of employees the defendant has. 42 U.S.C. § 1981a(b)(3). The jurisdictional limits are as follows:

> "(3) Limitations. The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party—
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and
> (C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and
> (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000."

42 U.S.C. § 1981a. Plaintiff now requests that the Judgment be conformed based upon a cap of $300,000.00 which is only applicable in the event an employer has more than 500 employees. Plaintiff argues that employees of Defendant's parent company should be included in the computation of employees. However, in the absence of a determination at trial that Tuttnauer Ltd. is Plaintiff's employer, it would be inappropriate to include the employees of Tuttnauer Ltd. for such purposes.

Plaintiff relies upon *Morelli v. Cedel*, 141 F.3d 39 (2d Cir.1998) in support of her position. However, a review of that matter, and subsequent matters that distinguish *Morelli*, confirm that the decision reached in *Morelli* is not applicable herein. *Morelli* found that Title VII and the ADEA protect an employee working in the United States for a domestic branch of a foreign corporation. However, the *Morelli* held that the Title VII foreign employer exclusion provision is applies to the foreign operations of an employer that is a "'foreign person not controlled by an American

2

employer.'" *Morelli*, 141 F.3d at 43 (quoting 42 U.S.C. § 2000e-1(c)); *see also Gundlach v. IBM Inc.,* 594 F. App'x 8, 10 (2d Cir. 2014)( Under 42 U.S.C. § 2000e-1(c)(2), prohibitions against unlawful employment practices in "Section[] 2000e-2 . . . shall not apply with respect to the foreign operations of an employer that is a foreign person not controlled by an American employer."). The plaintiff in *Morelli* was directly employed by the foreign-based employer named as a defendant in the litigation. In that case, the Second Circuit held that, for jurisdictional purposes, courts are to include foreign-based employees of an employer when reaching a determination on the total number of employees employed by that entity. Plaintiff argues that the same logic must apply here, claiming that Tuttnauer USA employs more than 800 individuals globally. However, the evidentiary record shows that Tuttnauer USA employs fewer than fifty (50) employees and its separate and distinct foreign parent company, Tuttnauer Ltd., employs a greater number of employees in various countries.

This matter is distinguished from *Morelli* in that Plaintiff was not employed by a foreign-based company and no foreign-based company was named as a Defendant in this litigation. Here, Plaintiff was employed by Tuttnauer USA, not Tuttnauer Ltd. It would be improper to hold Tuttnauer Ltd. liable or even include its employees into a calculation of the number of employees employed by Tuttnauer USA in light of Plaintiff's failure to commence action against the Company. In *Morelli*, the Second Circuit was addressing the lower court's ruling on a motion to dismiss. Plaintiff filed this action on March 30, 2021. Plaintiff has never named, or sought leave to name, Tuttnauer Ltd. as a Defendant. Additionally, Plaintiff has never alleged to have been employed by Tuttnauer Ltd. either as a direct employee or under the single employer doctrine. Plaintiff advances no allegations regarding the relationship between the operations between the entities, the control of their respective labor relations, common management, and ownership or

3

financial control. *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) ("To prevail in an employment action against a defendant who is not the plaintiff's direct employer, the plaintiff must establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other."). In fact, Plaintiff does not even raise these arguments in her own Motion. Accordingly, Plaintiff cannot now be permitted to claim that Defendant Tuttnauer USA and Tuttnauer Ltd. are a single employer. Therefore, absent a determination that at trial that Tuttnauer Ltd. is in fact Plaintiff's employer as a part of an "integrated enterprise", the employees of Tuttnauer Ltd. must be excluded from the total number of employees of Tuttnauer USA.

As set forth herein, it is clear that for the purposes of calculating the number of employees employed by Tuttnauer USA, only employees of the company should be included. While this specific figure varied throughout the relevant time period, it is undisputed, based upon the evidence presented at trial, that the company always had fewer than 101 employees. Accordingly, Plaintiff's claim for punitive damages must be capped at $50,000.00 in accordance with 42 U.S.C. § 1981a(b)(3).

## **CONCLUSION**

For the reasons set forth more fully herein, Defendants respectfully request that the Court deny Plaintiff's request for an award of punitive damages in the amount of $300,000.00. Legal precedent establishes that the Plaintiff cannot seek to claim at this advance stage that she is employed by Tuttnauer Ltd.

Dated: Bohemia, New York
March 5, 2025

                                                        Respectfully submitted,

                                                        ZABELL & COLLOTTA, P.C.
                                                        *Attorneys for Defendants*

By:   */s/ Ryan Eden*
        Saul D. Zabell, Esq.
        Ryan M. Eden, Esq.
        1 Corporate Drive, Suite 103
        Bohemia, New York 11716
        Tel.: (631) 589-7242
        Fax.: (631) 563-7475
        szabell@laborlawsny.com
        reden@laborlawsny.com