UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BARBARA RUSSO,

                Plaintiff,

-vs-                                    21 Civ. 1720 (JMA) (AYS)

TUTTNAUER USA COMPANY LIMITED,
BOB BASILE and KEVIN CONNERS,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO CONFORM THE VERDICT**

LAW OFFICES OF FREDERICK K. BREWINGTON

FREDERICK K. BREWINGTON, ESQ.
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

STEPHEN BERGSTEIN, ESQ
Bergstein & Ullrich
5 Paradies Lane
New Paltz, N.Y. 12561
(845) 469-1277

Counsel for Plaintiff

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE EVIDENCE AT TRIAL, WHICH INCLUDED ADMISSIONS BY TUTTNAUER
LTD.'S OWNER AND CEO, DEMONSTRATED THAT TUTTNAUER LTD.'S
EMPLOYEES COUNT TOWARDS THE STATUTORY CAP . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## PRELIMINARY STATEMENT

Barbara Russo demonstrated in her moving papers that the Court should allocate the jury's award of compensatory and punitive damages in a way that maximizes her recovery. Defendants agree. Def. Mem. at 1. Russo also demonstrated that Tuttnauer USA employed more than 500 employees for the purpose of identifying the relevant cap under Title VII because of the close relationship between Tuttnauer USA and Tuttnauer LTD. Tuttnauer USA disagrees, claiming that the jury's failure to determine that Tuttnauer Ltd. was Russo's employer precludes the application of 42 U.S.C. § 1981A(b)(3)(D). Def. Mem. at 2. Defendants' argument fails.

## ARGUMENT

### THE EVIDENCE AT TRIAL, WHICH INCLUDED ADMISSIONS BY TUTTNAUER LTD.'S OWNER AND CEO, DEMONSTRATED THAT TUTTNAUER LTD.'S EMPLOYEES COUNT TOWARDS THE STATUTORY CAP

Defendants argue that Russo's failure to name Tuttnauer Ltd. as a party dooms her effort to include Tuttnauer Ltd.'s employees in establishing the relevant provision of 42 U.S.C. § 1981A(b)(3)(D). Def. Mem. at 3-4. Defendants' argument, which is bereft of relevant case law, is wrong.

As she demonstrated in her moving papers, Russo did not have to name Tuttnauer Ltd. as a defendant. Courts in the Fifth and the Eleventh Circuits have established procedures for determining the relevant statutory cap that do not require naming all relevant corporate entities. *See*, *e.g.*, *Vance v. Union Planters Corp.*, 209 F.3d 438, 447 (5th Cir. 2000), *Shipley v. Hypercom Corp.*, 09-CV-0265, 2012 WL 12872905 (N.D. Ga. Apr. 10, 2012), and *Story v. Vae Nortrak*, 214 F. Supp. 2d 1209 (N.D. Ala. 2001). And, as Russo pointed out, the Court can consider myriad types of evidence in reaching its conclusion. *See Shipley*, 2012 WL 12872005, *8 ("since '[t]he statutory cap is properly excluded from jury instruction, and only after a verdict is submitted, [must] the trial

court [ ] ensure that any award complies with the relevant statutory maximums applicable'") (citing *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 155 (S.D.N.Y. 2003)). If the entities are part of an integrated enterprise, then each entity is the same for purposes of calculating the number of employees at issue under the Title VII cap. Naming additional defendants to comply with the cap is unnecessary. As the policy behind the "single employer" doctrine allows the plaintiff to sue one entity that is closely related to another entity, Plaintiff did not have to name Tuttnauer Ltd. as a defendant, since Tuttnauer Ltd. controlled Tuttnauer USA's personnel and made the decision to terminate Plaintiff. For purposes of this motion, Tuttnauer Ltd. and Tuttnauer USA are one and the same. *Compare Jarred v. Walters Indus. Electronics, Inc.*, 153 F. Supp. 2d 1095, 1101-02 (W.D. Mo. 2001) (where two entities were a single employer under Title VII, plaintiff was not required to identify the second entity in her EEOC charge); *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) ("The 'identity of interest' exception 'permits a Title VII action to proceed against [a party not named in the plaintiff's EEOC charge] where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge'").

For these reasons, Defendants' reliance upon *Brown v. Daikin Am., Inc.*, 756 F.3d 219 (2d Cir. 2014), is misplaced. In *Brown*, the Second Circuit addressed whether "the plaintiff, Todd Brown, sufficiently alleged that the corporate parent was part of a 'single integrated enterprise' with its American subsidiary to be properly named as a co-defendant in a discriminatory discharge suit under Title VII and the New York State Human Rights Law." *Id.* at 222-23. *Brown* does not address the issue of whether a plaintiff must name a corporate parent as a defendant to establish the appropriate cap.

Finally, Russo demonstrated in her moving papers that the evidence at trial established that

Tuttnauer Ltd. and Tuttnauer USA employed over 800 employees. The record shows that Tuttnauer Ltd. and Tuttnauer USA are single employers.

"A 'single employer' situation exists 'where two nominally separate entities are actually part of a single integrated enterprise. . . . ' In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise. There is well-established authority under this theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005).

"The 'single or joint employer' test utilizes a four-factored analysis developed by the NLRB to determine whether two or more employers can be treated as one for purposes of assigning liability. In this Circuit, this analysis has been confined to two corporate contexts: first, where the plaintiff is an employee of a wholly-owned corporate subsidiary; and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (identifying the four factors as "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control")).

In her opening brief on the allocation of damages, Russo cited evidence of the close relationship between Tuttnauer Ltd. and Tuttnauer USA. *See* Brief at 5-6. Russo also cited trial

3

testimony that headquarters alone had authority to fire employees at Russo's rank. (*Id.*) As Defendants' counsel stated in opening argument, "Was Ms. Russo terminated? Yes, absolutely, six months after the company sold. And you will hear testimony that Mr. Connors was given a directive that somebody within his department had to be terminated." (Tr. at 49). When Russo's position was eliminated, "[t]he lawyers and [Connor] and the people in Israel" made that decision. (Tr. at 348). Connor testified that "I was given a directive by my boss in Israel that we needed to cut costs," triggering the process that led to the elimination of Russo's position. (Tr. at 441). A company official in Israel, who reported to Ran Tuttnauer, also decided to offer Russo severance. (Tr. 360). Relatedly, testimony established that Ran Tuttnauer, who owned Tuttmaner Ltd., determined with his lawyer that three of Russo's colleagues, should be terminated. (Tr. at 149-153, 346-47, 448-49).

Defendants neither address nor challenge Russo's evidence that termination decisions were made by corporate officials at company headquarters. Nor could they. It was undisputed at trial that Tuttnauer Ltd. controlled all relevant aspects of Tuttnauer USA's employment decisions, which the Second Circuit has made clear is the most relevant consideration in determining whether an integrated relationship. *Brown*, 756 F.3d at 226-27 (citing *Cook*, 69 F.3d at 1240.

## **CONCLUSION**

Plaintiff's motion to conform the verdict should be granted. In the event this Court finds Defendant employed more than 500 employees, this Court should allocate (i) $299,999.00 as punitive damages and (ii) one dollar as compensatory damages. The remaining compensatory damages awarded for pain and suffering ($2,499.999.00) would arise from the uncapped New York State HRL claim.

Should this Court find that Defendant employed between 15 and 100 employees during the

4

relevant time period, this Court should allocate (i) $49,999.00 as punitive damages; and (ii) one dollar as compensatory damages. The remaining compensatory damages awarded for pain and suffering ($2,499.999.00) would arise from the uncapped New York State HRL claim.

Dated: March 19, 2025
       Hempstead, N.Y. 11550

Respectfully submitted,

/s/ Frederick K. Brewington

LAW OFFICES OF FREDERICK K. BREWINGTON

FREDERICK K. BREWINGTON, ESQ.
Attorneys for Plaintiff
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

STEPHEN BERGSTEIN, ESQ
Bergstein & Ullrich
5 Paradies Lane
New Paltz, N.Y. 12561
(845) 469-1277

Counsel for Plaintiff
